IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARDALE HAMILTON                                                                    PLAINTIFF

vs.                                      Civil No. 1:25-cv-01049

FRANK BISIGNANO,
Commissioner, Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 12. Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

### 1. Background:[1]

On June 23, 2025, Plaintiff filed suit and is challenging the Social Security Administration's ("SSA") determination regarding a Title XVI Supplemental Security Income ("SSI") overpayment. ECF No. 1. Defendant seeks to dismiss Plaintiff's Complaint alleging he has not exhausted his administrative remedies to obtain a final decision. ECF No. 12.

According to Defendant, on May 2, 2025, the SSA made a finding Plaintiff had intentionally provided false statements or representation, willfully concealed material information, or deliberately failed to furnish material information while impersonating his mother from June 2023 until March 2025. ECF No. 13-1, Pg. 2. The SSA notified Plaintiff and explained they would withhold $200.00

---

[1] The Background was taken from Defendant's Brief in Support of their Motion to Dismiss. ECF No. 13.

1

of his monthly benefit until the overpayment of $15,504.10 was completely recovered. ECF No. 13-2. Plaintiff was also informed of his right to appeal this decision. *Id.*

Plaintiff completed Request for Waiver of Overpayment Recovery and filed a request for reconsideration. ECF No. 13-1, Pg. 2. On May 14, 2025, the SSA notified Plaintiff his request for waiver of overpayment was dismissed because the overpayment occurred by fraud or similar fault. ECF No. 13-5. On June 5, 2025, the SSA notified Plaintiff his request for reconsideration of the overpayment was denied. ECF No. 13-8. Plaintiff was notified he could appeal this decision and request a hearing with an Administrative Law Judge ("ALJ"). *Id.*

On June 17, 2025, Plaintiff requested a hearing with an ALJ. ECF No. 13-9. On June 24, 2025, the SSA notified Plaintiff of the hearing process and he was informed the hearing schedule could take several months. ECF No. 13-10. According to Defendant, as of the filing of the Motion to Dismiss, the hearing request is still pending. ECF No. 13-1, Pg. 3.

## 2. **Applicable Law:**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

### 3. Discussion:

The Social Security Act allows for a claim under the Act as set out 42 U.S.C. § 405(g). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such notice of such decision or within such further time as the Commissioner of Social Security may allow.

That action is limited as follows:

> No findings of fact or decisions of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

42 U.S.C. § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Judicial review under section 405(g) requires exhaustion and a "final decision of the Commissioner," 42 U.S.C. § 405(g), and the Commissioner's regulations provide that a claimant must complete a four-step administrative review

3

process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). The first three steps include (1) initial determination; (2) reconsideration; and (3) request a hearing. The final step of the process is to request review of the ALJ's decision by the Appeals Council. *Id.*; *Smith*, 587 U.S. at 476. Therefore, final decisions require a claimant complete a four-step administrative process which includes an ALJ decision and Appeals Council review.

In this matter, Plaintiff's Complaint does not allege he exhausted his administrative remedies and obtained a final decision of the Commissioner as required for judicial review under 42 U.S.C. § 405(g). Additionally, Defendant has established Plaintiff has requested a hearing by an ALJ, however that hearing request is still pending. Following a hearing and an ALJ decision, Plaintiff would still need to seek a review from the Appeals Council in order to have a final decision allowing for judicial review.

## 4. Conclusion:

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of November 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

4